UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

**CIVIL ACTION NO. 15-159-DLB**

**WOODSON ROARK**                                                                                                                 **PLAINTIFF**

**vs.**                             **MEMORANDUM OPINION AND ORDER**

**AMEER MABJISH, et al**                                                                      **DEFENDANTS**

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**INTRODUCTION**

Plaintiff Woodson Roark is an inmate confined by the Kentucky Department of Corrections in the Kentucky State Reformatory, located in LaGrange, Kentucky. Roark has filed a pro se civil rights complaint [R. 1][1] asserting claims under 42 U.S.C. § 1983, and has named as defendants three individuals who were involved in his criminal prosecution in the Kenton Circuit Court. The named defendants are: (1) Ameer Mabjish, Kenton County Public Advocate; (2) Robert Sanders, Kenton County Commonwealth's Attorney; and (3) Gregory M. Bartlett, Judge, Kenton Circuit Court.

The Court conducts a preliminary review of Roark's complaint because he asserts claims against government officials and because he has been granted in forma pauperis status in this action. Because Roark is proceeding without an attorney, the Court liberally

---

[1] Roark originally filed this § 1983 action on March 12, 2105, in the United States District Court for the Western District of Kentucky ("the Western District") at Paducah. *See Woodson Roark v. Ameer Mabjish, et al.*, No. 5:15CV-P51-TBR (W.D. Ky. 2015). On September 2, 2015, the Western District transferred the proceeding to this district pursuant to 28 U.S.C. § 1406(a), based on the venue considerations set forth in 28 U.S.C. § 1391(b), and its assessment that a substantial part of the events alleged in the complaint occurred in Covington, Kentucky, which is located in Kenton County, Kentucky, within the jurisdiction of this judicial district. *See* Order, [R. 11, p. 2].

1

construes his claims and accepts his factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). However, the Court must dismiss Roark's complaint with prejudice because it fails to state a claim upon which relief can be granted.

## ALLEGATIONS OF THE § 1983 COMPLAINT

The following is a summary of Roark's criminal history and the claims which he asserts in this civil action. The summary is based on the claims which Roark alleges in his § 1983 complaint; publically available information found on the KDOC's website; and publically available information obtained from the Kenton County Circuit Clerk's Office.

On November 7, 2013, Roark was indicted in the Kenton County Circuit Court, charged with two counts of Sexual Abuse in the First Degree (against a victim under 12 years of age), in violation of KRS § 510.110. See Commonwealth of Kentucky v. Woodson Roark, No. 13-CR-989, Hon. Gregory M. Bartlett, presiding ("the State Court Criminal Case"). On November 12, 2013, Defendant Ameer Mabjish, Kenton County Public Advocate, entered his appearance as Roark's counsel in the State Court Criminal Case. On March 27, 2014, Roark pleaded guilty to the sexual abuse offenses, both Class "C" felonies, and on June 2, 2014, he was sentenced to a six-year prison term, which he is currently serving in the Kentucky State Reformatory ("KS"). See **http://kool.corrections.ky.gov/KOOL/Details/352383** (last visited on October 1, 2015).[2] It does not appear from the docket sheet of the State Court Criminal Case that Roark appealed either his conviction or his sentence.

---

[2] The Kenton County Circuit Court docket sheet indicates that Roark received a five-year prison sentence.

In his § 1983 complaint, Roark collaterally attacks several aspects of his criminal proceeding. Roark alleges that when he was first questioned by the police, he was not read his Miranda rights[3] and that his attorney, Defendant Ameer Mabjish, rendered ineffective assistance of counsel in numerous instances. Specifically, Roark alleges that Mabjish failed or refused to provide him with the Commonwealth's discovery materials, telling him (Roark) that he was not "allowed" to see it, and that he failed to explain to him that he would be pleading guilty to Class "C" felony offenses, instead of Class "D" felony offenses, the latter being the felony level at which Roark thought he would be convicted. [R. 1; R. 1-1, p. 4]. Roark further alleges, generally, that "…I was not represented as best he could have done. Was in another case at trail [sic]." [R. 1-1, p. 4] To the extent that Roark complains about the adequacy of the legal representation which he received from Mabjish, his claims fall under the Sixth Amendment of the U.S. Constitution, which guarantees effective assistance of counsel in criminal proceedings

Roark's claims against the two other defendants, Defendants Robert Sanders, Kenton County Commonwealth's Attorney, and Gregory M. Bartlett, the presiding Kenton Circuit Court Judge, are far less developed. Roark alleges no specific facts or allegations concerning either of these defendants. At best, Roark asserts a broad-based claim against all of the defendants (his appointed defense counsel, the prosecutor, and the presiding

---

[3] Roark presumably refers to *Miranda v. Arizona*, 384 U.S. 436 (1966) (holding that "…unless other fully effective means are devised to inform accused persons of their right of silence and to assure a continuous opportunity to exercise it, the following measures are required. Prior to any questioning, the person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed. The defendant may waive effectuation of these rights, provided the waiver is made voluntarily, knowingly and intelligently.").

3

judge), by stating, "I feel like they wanted to get this out of the way as fast as they could…." [Id.]

To the extent that Roark alleges that the police violated his constitutional rights during the interview process, and to the extent that he broadly alleges that his appointed defense counsel, the prosecutor, and the presiding judge jointly acted in such a way as to deny him due process of law during his criminal proceeding, his claims fall under the Fifth Amendment of the U.S. Constitution, which guarantees due process of law. Roark seeks an order allowing him to "…reach another agreement to where I can be released given 30 to 45 days to get things taken care of & leave Ky." [R. 1-1, p. 4; see also p. 5 (asking to "be released…[and to] move out of Ky."] Roark also seeks $1,000.00 in money damages; $20,000.00 in punitive damages; and an order expunging his criminal record. [Id., p. 5]

## DISCUSSION

Several legal doctrines bar the claims which Roark asserts in this civil proceeding. First, based on the holding announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), Roark cannot recover damages from the named defendants in this § 1983 action. In *Heck*, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Id.* at 486-87. Any claim for damages that, if successful, would "necessarily imply" the "invalidity of any outstanding criminal judgment against the plaintiff" is not cognizable under § 1983 unless the plaintiff demonstrates that judgment's

prior invalidation. *Id.*, at 487.[4] In other words, before Roark can seek money damages through this federal civil rights proceeding, he must show a favorable termination of his criminal conviction, i.e., that his conviction has been overturned, set aside, or called into question. This rule promotes the finality of and consistency in judicial resolutions by limiting opportunities for collateral attack and averting the "creation of two conflicting resolutions arising out of the same or identical transaction." *See id.*, at 484-485.

Roark cannot demonstrate a "favorable termination" of the State Court Criminal Case. First, Roark did not appeal his conviction, so it has not been reversed on appeal and is therefore final. Second, Roark does not allege, nor does PACER (the federal judiciary's on-line database) indicate, that Roark has challenged his state criminal conviction in a federal habeas proceeding filed under 28 U.S.C. § 2254. Therefore, Roark is unable to demonstrate a favorable termination of his criminal conviction through any avenue. Accordingly, Roark's current § 1983 complaint against the defendants (alleging that he was not read his Miranda rights; that he received constitutionally inadequate legal representation; and that the defendants hurried along his case) is nothing more than an impermissible collateral challenge of his conviction by way of a § 1983 civil rights action.

---

[4] The Supreme Court explained the "favorable termination rule" as follows:

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.*, at 486-87.

If this Court were to entertain Roark's § 1983 claims, it would necessarily be calling into question the validity of Roark's criminal conviction and resulting sentence rendered in the State Court Criminal Case, a result which Heck strictly prohibits. Because Roark is currently serving a lawfully imposed state criminal sentence which has not been reversed, set aside, or otherwise called into question, he cannot collaterally attack his criminal conviction in this § 1983 civil rights action by seeking damages from the named defendants involved in his criminal prosecution.[5]

In addition to the "favorable termination" requirement, the Rooker-Feldman doctrine also bars Roark's claims against the defendants. Under the Rooker-Feldman doctrine, federal courts lack jurisdiction to review a case litigated and decided in state court, as only the United States Supreme Court has jurisdiction to correct state court judgments. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Patmon v. Michigan Supreme Court*, 224 F.3d 504, 506-07 (6th Cir. 2000). A party raising a federal question must appeal a state court decision through the state system and then proceed directly to the Supreme Court of the United States. *Feldman*, 460 U.S. at 483 n.16; *Rooker*, 263 U.S. at 415-16; *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995). Again, Roark did not appeal his criminal judgment through the Kentucky appellate court system, nor does it appear that he asked the United States Supreme Court to review his conviction and sentence. Thus, the Rooker-Feldman doctrine bars the civil claims which Roark asserts in this § 1983 action.

---

[5] Roark is advised, however, that to the extent he alleges that he received ineffective assistance of counsel during the State Court Criminal Case, in violation of his Sixth Amendment rights, he may file a motion in the Kenton Circuit Court asserting those Sixth Amendment claims pursuant to Kentucky Rule of Criminal Procedure 11.42. That statute provides a three-year filing period for filing such motions. See Kentucky Rules of Criminal Procedure (RCr) 11.42(10).

Moreover, to the extent that Roark seeks damages from Defendant Gregory M. Bartlett, Judge of the Kenton Circuit Court, the doctrine of absolute judicial immunity bars such claims. *Pierson v. Ray*, 386 U.S. 547, 553-555 (1967); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity is overcome only when a judge engages in non-judicial actions or when the judge's actions, though judicial in nature, are taken in "the clear absence of all jurisdiction." *See Barnes*, 105 F.3d at 1115; *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Roark alleges no facts suggesting that Judge Bartlett engaged in non-judicial action or that Judge Bartlett acted in the clear absence of all jurisdiction. In fact, Roark asserts no specific allegations whatsoever concerning Judge Bartlett; Roark alleges only that he thought that his criminal case was rushed along, presumably by Judge Bartlett. "[A] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority..." *Stump v. Sparkman*, 435 U.S. 349, 356-359 (1978). An act "does not become less judicial by virtue of an allegation of malice or corruption of motive." *Sparks v. Character and Fitness Committee of Kentucky*, 859 F.2d 428, 432 (6th Cir. 1988) (*quoting Forrester v. White*, 484 U.S. 219, 227 (1988)). Thus, Roark fails to state a claim upon which relief can be granted against Defendant Gregory M. Bartlett, and he cannot recover damages from Bartlett under § 1983.

Likewise, Roark asserts § 1983 claims against Defendant Robert Sanders, the Commonwealth Attorney for Kenton County, but Robert Sanders is also immune from damages under § 1983. In *Imbler v. Pachtman*, 424 U.S. 409 (1976) the Supreme Court explicitly recognized that prosecutors enjoy absolute immunity from § 1983 suits for damages when they act within the scope of their prosecutorial duties. Imbler, 424 U.S. at

420. Roark's claims against Sanders are also woefully inadequate; he alleges no specific facts or claims involving Sanders, and he certainly does not allege that Sanders was not acting in his prosecutorial capacity during the pendency the State Court Criminal Case. Because the doctrine of prosecutorial immunity bars Roark's § 1983 claims against Sanders, Roark fails to state a claim upon which relief can be granted against Sanders.

Furthermore, Roark cannot recover damages for the § 1983 claims he asserts against Defendant Ameer Mabjish, his court-appointed Public Advocate. In order to prevail in a § 1983 action, the plaintiff must show that he was deprived of a constitutional right and that the deprivation occurred at the hands of defendant who was a "state actor," or acted under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155–56 (1978); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). Neither privately retained attorneys nor court-appointed public defenders are considered "state actors" under § 1983. *Washington v. Brewer*, 948 F.2d 1291, 1991 WL 243591 at *1 (6th Cir. Nov. 21, 1991) (Table) (*citing Polk County v. Dodson*, 454 U.S. 312, 318 (1981)). Therefore, Roark fails to state a claim upon which relief can be granted against Defendant Ameer Mabjish under § 1983.

## CONCLUSION

Accordingly, for the reasons set forth herein, **IT IS ORDERED** as follows:

1. Plaintiff Woodson Roark's 42 U.S.C. § 1983 complaint [R. 1] is **DISMISSED WITH PREJUDICE**.

2. The Court will enter an appropriate Judgment.

3. This proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This 1st day of October, 2015.



G:\DATA\ORDERS\ProSe\Roark 15-159 MOO dismissing 1983 complaint.wpd